**Marcelino Gutierrez CARRILLO, Petitioner,**

v.

**Peter D. KEISLER,\* Attorney General, Respondent.**

No. 06–70337.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007.\*\*

Filed Sept. 28, 2007.

Jonathan M. Kaufman, Esq., San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David V. Bernal, Anthony C. Payne, Esq., Sarah Maloney, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

MEMORANDUM \*\*\*

Marcelino Gutierrez Carrillo, a native and citizen of Mexico, petitions for review of a Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision de-

---

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

nying his application for cancellation of removal, and denying his motion to remand. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo questions of jurisdiction, *Kohli v. Gonzales,* 473 F.3d 1061, 1065 (9th Cir.2007), and review the denial of a motion to remand for abuse of discretion, *Castillo–Perez v. INS,* 212 F.3d 518, 523 (9th Cir.2000). We deny the petition for review.

Gutierrez moved to terminate his proceedings, arguing that the Notice to Appear was jurisdictionally deficient because the issuing official's signature and title were unclear. The BIA properly rejected the argument. *See Kohli,* 473 F.3d at 1068–70 (holding that an IJ's denial of a motion to terminate proceedings due to a defective NTA did not violate due process because no prejudice was shown).

Contrary to Gutierrez's contention, the BIA provided an adequate explanation for denying his motion to remand. *See Ghaly v. INS,* 58 F.3d 1425, 1430 (9th Cir.1995). The BIA concluded that the absence of a transcript for March 3, 2004 resulted in no prejudice, where the merits hearing took place on a later date. *See Hartooni v. INS,* 21 F.3d 336, 340 (9th Cir.1994).

**PETITION FOR REVIEW DENIED.**

---

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.